# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, *et al*.,

    Defendants.

Case No. 2:12-CV-00665-KJD-PAL

**ORDER**

Before the Court is Plaintiff Progressive Casualty Insurance Company's Motion for Summary Judgment (#41). Defendant Federal Deposit Insurance Corporation ("FDIC") filed an opposition (#53). Defendants Gary Gardner and Timothy Kirby filed joinders to FDIC's opposition (## 60, 61) and Progressive filed a reply (#68).

FDIC also filed a Motion for Leave to File Additional Information (#67) which was not opposed and, accordingly, is granted.

I. Background

Silver State Bank failed in 2008 and was taken over by the FDIC as receiver. Progressive provided insurance coverage to directors and officers of Silver State Bank. The FDIC initiated an action in this Court (the "Receiver's Action," 2:12-cv-00209-KJD-PAL) to "recover in excess of $86

million in damages for losses incurred by Silver State in connection with certain loan transactions" that allegedly "were caused by the gross negligence and breaches of fiduciary duties of the defendants..." Progressive filed this action, seeking a declaration that policy provisions excluding insured verses insured claims and coverage for loan losses operate to bar the FDIC's claims in the Receiver's Action.

Progressive has moved for summary judgment on application of the exclusionary provisions. The parties have not yet initiated discovery or had a conference pursuant to Fed. R. Civ. P. 26(f) to plan for discovery.

## II. Discussion

### A. Standard for Summary Judgment

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual dispute for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party must produce specific facts, by affidavit or other evidentiary materials similar to those described in Rule 56, to show that there is a genuine dispute for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Summary judgment motions can only be defeated by admissible evidence. In re: Oracle Corporation Securities Litigation, 627 F.3d 376, 385 (9th Cir. 2010). "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." Nilsson v. City of Mesa, 503 F.3d 947, 952 n. 2 (9th Cir. 2010) (citation omitted). An affidavit that

contradicts the plaintiff's own deposition testimony is not sufficient to defeat summary judgment. Orr v. Bank of America, 285 F.3d 764, 780 n. 28 (9th Cir. 2002). Furthermore, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruing on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007)

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

B. Summary Judgment Prior to Discovery

Fed. R. Civ. P 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that "it cannot present facts essential to justify its opposition." The court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Id.

The FDIC argues that summary judgment is premature because, through discovery, it can obtain evidence that will defeat Progressive's motion. Specifically, the FDIC argues, with support from an affidavit, that it believes it can obtain evidence that the insureds reasonably expected coverage with respect to the management activities because Progressive advertised and represented that its policy would cover actions brought by the FDIC, and that Progressive intended to provide this coverage. Further, the FDIC claims that discovery will enable it to prove affirmative defenses including estoppel and waiver.[1]

---

[1] The FDIC has provided two recent opinions from district court actions (Progressive Casualty Insurance Co. v. Federal Deposit Insurance Corp. 11-CV-14816 (E. Dist. Mich.) and Progressive Casualty Insurance Co. v. Delaney, 2:11-CV-0687-LRH-PAL (D. Nev)) where the court denied as premature motions for summary judgment on similar policy exclusions prior to discovery.

3

The Court cannot fairly determine the issues before it without additional discovery. Accordingly, the Court will deny this motion without prejudice so that the parties can proceed with discovery in this case.

III.  Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiff Progressive Casualty Insurance Company's Motion for Summary Judgment (#41) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the FDIC's Motion for Leave to File Additional Information (#67) is granted.

DATED this 2nd day of November 2012.

_____
Kent J. Dawson
United States District Judge